J. R. PARKER *vs.* CHINA MUTUAL INSURANCE COMPANY.

Suffolk.    March 15, 1895. — September 6, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Marine Insurance —* " *Excluding* " *and* " *Prohibiting* " *— Action.*

If the words " excluding Gulf of C." were written in a policy of marine insurance, not for the purpose of qualifying the printed clause in which the vessel was prohibited from certain rivers, gulfs, straits, and seas, including the Gulf of C., but of calling particular attention to the Gulf of C., which was near the port where the vessel was when the insurance was effected, an action on the policy for a loss accruing after the vessel has been to and left the Gulf of C., and before the expiration of the policy, cannot be maintained.

CONTRACT, upon a policy of insurance on the schooner H. A. De Witt. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

The defendant issued to the plaintiff its policy, dated June 3,

1890, for " one thousand dollars on Schooner ' H. A. De Witt,' valued at six thousand dollars. At and from the 24th of June, 1890, at noon, until the 24th of June, 1891, at noon. Excluding Gulf of Campeachy." The words quoted were in writing. Just below appeared in print a prohibition from certain rivers, gulfs, straits, and seas, including the Gulf of Campeachy, the words used being " prohibited from . . . Gulf of Campeachy."

When the policy was issued, the schooner was at La Guayra, in Venezuela, South America. She sailed from there on June 24, 1890, and, after using various ports not prohibited, she proceeded to a port or ports in the Gulf of Campeachy, and sailed from Alvarado in the Gulf of Campeachy on May 30, 1891. On or about June 14, 1891, in latitude 24° 24′ N., longitude 86° 14′ W., outside of the Gulf of Campeachy, heavy weather was encountered with squalls, which continued until the 16th, when the vessel was abandoned, and became a total loss by perils of the sea. If the defendant was liable for anything under the policy, it was liable for the total amount thereof; otherwise, judgment was to be entered for the defendant.

*E. P. Carver*, for the plaintiff.

*J. D. Bryant*, for the defendant.

FIELD, C. J. In the present case we think that the words " excluding Gulf of Campeachy " were written in the policy, not for the purpose of qualifying the printed clause in which the vessel was prohibited from certain rivers, gulfs, straits, and seas, including the Gulf of Campeachy, but for the purpose of calling particular attention to the Gulf of Campeachy, which is near the port where the vessel was when the insurance was effected. If the intention had been materially to modify the effect of the printed clause, we think it would have been shown by the use of words more distinctly expressing that intention. So far as we are aware, there is no technical meaning given to the word " excluding " in marine insurance, and the customary meaning of the word does not differ greatly from that of the words " prohibiting " or " prohibited from." The plaintiff relies upon the decision in *Palmer* v. *Warren Ins. Co.* 1 Story C. C. 360 ; but Mr. Justice Story reached his conclusion in that case with some hesitation, relying upon the particular words of the policy, and not upon any technical signification of the word

" excluding," which had become established in marine insurance. We are unable to see any such contradiction between the written and the printed words concerning the Gulf of Campeachy in the present policy as to make it necessary to reject the printed words. It is in effect conceded by the plaintiff that the printed clause, if in force as to the Gulf of Campeachy, is equivalent to a warranty that the vessel should not go there during the time covered by the insurance. *Odiorne* v. *New England Ins. Co.* 101 Mass. 551. *Whiton* v. *Albany City Ins. Co.* 109 Mass. 24. *Burgess* v. *Equitable Ins. Co.* 126 Mass. 70. *Cobb* v. *Lime Rock Ins. Co.* 58 Maine, 326. *Birrell* v. *Dryer,* 9 App. Cas. 345.

*Judgment for the defendant affirmed.*